# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORTEZ NATHANIEL MEADOWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-1170-M |
| ) | |
| OKLAHOMA UNIVERSITY HEALTH ) | |
| SCIENCES CENTER POLICE OFFICER ) | |
| ROBBY HAINES and OKLAHOMA ) | |
| UNIVERSITY HEALTH SCIENCE ) | |
| CENTER POLICE OFFICER DANIEL ) | |
| SHANNON, and STATE OF ) | |
| OKLAHOMA, ex rel., DAVID W. ) | |
| PRATER, DISTRICT ATTORNEY OF ) | |
| THE SEVENTH PROSECUTORIAL ) | |
| DISTRICT and STATE OF OKLAHOMA ) | |
| ASSISTANT DISTRICT ATTORNEY ) | |
| AMY PALUMBO, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendants State of Oklahoma, ex rel., David W. Prater, District Attorney of the Seventh Prosecutorial District ("Prater") and State of Oklahoma Assistant District Attorney Amy Palumbo's ("Palumbo") Motion to Dismiss, filed December 18, 2008. On January 16, 2009, plaintiff filed his response.

On October 31, 2008, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, alleging, in part, that Prater and Palumbo violated his constitutional rights under the theory of malicious prosecution. Prater and Palumbo now move this Court to dismiss plaintiff's claims against them based, in part, upon Eleventh Amendment immunity.

"It is well-established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the

amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Further, the Eleventh Amendment immunity bar "remains in effect when state officials are sued for damages in their official capacity; this is so because a judgment against a public servant in his official capacity imposes liability on the entity that he represents." *Id.* at 589.[1]

Under Oklahoma law, district attorneys and assistant district attorneys are state officers. As stated in Okla. Stat. tit. 19, § 215.30(B), "[a]ll appointees and employees of district attorneys . . . shall be deemed to be state officers or employees for all purposes." Okla. Stat. tit. 19, § 215.30(B). Additionally, the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51, § 162(E) ("Nothing in this section shall be construed to waive any immunities available to the state under the terms of the Eleventh Amendment to the Constitution of the United States. Any immunity or other bar to a civil lawsuit under state or federal law shall remain in effect."). Finally, Congress did not abrogate the Eleventh Amendment immunity of the states through the passage of Section 1983. *See Quern v. Jordan*, 440 U.S. 332 (1979).

Accordingly, because Prater and Palumbo are state officers and because there has been no waiver or abrogation of Eleventh Amendment immunity, the Court finds that plaintiff's claims against Prater and Palumbo are barred by the Eleventh Amendment. The Court, therefore, GRANTS

---

[1] Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff is suing Prater and Palumbo in their official capacities only.

Prater and Palumbo's Motion to Dismiss [docket no. 11] and DISMISSES all claims against Prater and Palumbo.

    **IT IS SO ORDERED this 7th day of August, 2009.**

                                                  *[signature]*
                                                  VICKI MILES-LaGRANGE
                                                  CHIEF UNITED STATES DISTRICT JUDGE